UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| TIFFANIE HARROD and JOSH WHITTINGTON, | Case No.: 3:26-cv-00132-MMD-CSD |
| Plaintiffs, | ORDER |
| v. |  |
| DURICK TOWING & RECOVERY, *et al.*, |  |
| Defendants. |  |

On February 23, 2026, *pro se* Plaintiffs Tiffanie Harrod and Josh Whittington initiated this action by filing a complaint (ECF No. 1-2 ("Complaint")) against Defendants Durick Towing & Recovery and Jeremy Durik, alleging "loss and destruction of their RV and personal property," and an application to proceed *in forma pauperis* ("IFP") (ECF No. 1). (*See* ECF No. 1-2 at 8.) Prior correspondence between the Court and Plaintiffs has been returned to the Court as undeliverable.[1] Now, before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 6), recommending the Court dismiss the action due to Plaintiffs' failure to update their address. (ECF No. 6 at 1, 3.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the

---

[1]A letter from the Court to Plaintiffs (ECF No. 2) was returned as undeliverable on March 2, 2026. (ECF No. 3.) On March 3, 2026, the Magistrate Judge ordered Plaintiffs to update their address by April 2, 2026, and warned that failure to do so could result in dismissal of this action. (ECF No. 4.) This order was also returned as undeliverable. (ECF No. 5.)

findings and recommendations." (emphasis in original)). It is Plaintiff's responsibility to file a notice of change of address. *See* LR IA 3-1 ("pro se party must immediately file with the court written notification of any change of mailing address"). Moreover, Plaintiffs' failure to provide an updated address impedes both the public's interest in the expeditious resolution of litigation and the Court's ability to manage its own docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . .") (internal citation omitted). To date, Plaintiffs have failed to comply with the Court's order to file a notice of change of address, and the April 2, 2026 deadline has since passed. Judge Denney thus recommends dismissal without prejudice for failure to timely file a notice of change of address. (ECF No. 6 at 3.) Having reviewed the R&R, Judge Denney did not clearly err.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 6) is adopted in full.

It is further ordered that this action is dismissed without prejudice.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 21st Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2